UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DAVID RUSSELL POSEY,
    Plaintiff,

vs.                                                Case No.: 3:19cv4958/MCR/EMT

DONNA MARIE MAW, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff commenced this action by filing a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1). On January 21, 2020, the court entered an order granting Plaintiff leave to proceed in forma pauperis and assessing an initial partial filing fee in the amount of $40.50, to be paid in thirty days (ECF No. 8). The undersigned advised that failure to pay the initial partial filing fee as instructed could result in a recommendation that the case be dismissed.

After Plaintiff failed to pay the initial partial filing fee within the time allowed, the court entered an order on February 24, 2020, directing Plaintiff to show cause, within thirty days, why the case should not be dismissed for failure to comply with an order of the court (ECF No. 14). Plaintiff responded by indicating he could not pay the initial partial filing fee because he had to procure medicine and additional

supplies when he had the flu and needed to save money to stock up on medicine and supplies in case he is quarantined as a result of the coronavirus (ECF No. 15).

The undersigned found Plaintiff had not stated good cause for failing to comply with the court's order and allowed him fourteen days in which to pay the initial partial filing fee (ECF No. 16). The undersigned advised that should Plaintiff fail to do so, the undersigned would recommend, without further notice, that the matter be dismissed. Rather than pay the initial partial filing fee, Plaintiff filed a notice of appeal of "(any) and (all) procedural motions, in this case on the docket up to" the order directing him to pay the initial partial filing fee within fourteen days (ECF No. 17).

On April 17, 2020, the Eleventh Circuit issued its mandate denying Plaintiff's appeal for lack of jurisdiction (ECF No. 23). The clerk referred the mandate to the undersigned on June 4, 2020, for action. The undersigned entered an order the next day advising Plaintiff the case could not proceed until the matter of the filing fee was settled and allowing him fourteen days in which to pay the initial partial filing fee of $40.50 (ECF No. 24). The undersigned again advised that should he fail to do so, the undersigned would recommend, without further notice, that the matter be dismissed.

Plaintiff did not pay the initial partial filing fee within the time allowed. Instead, he filed a document titled "Next of Friend Objection to the June 5th 2020 Order Issued by Chief United States Magistrate Judge F.R.C.P. #46" (ECF No. 26). In the objection, Plaintiff states he is "poor" and "the 6/5/20 order to pay $40.50 is beyond the Plaintiffs [sic] means (and) a hardship given the pandemic emergency we are currently facing in prison" (*id.* at 2). He requested that the court "waive all fees and fines for good cause shown herein" (*id.* at 3). He also requested that the Defendants be required to pay all fees and fines.

On June 26, 2020, the undersigned entered an order noting that although Plaintiff claimed he was unable to pay the initial partial filing fee, as of the date he filed his motion for leave to proceed in forma pauperis, his average monthly deposit for the preceding six months was $202.50 (ECF No. 27). The court allowed Plaintiff a final opportunity to either pay the initial partial filing fee in the amount of $40.50 or demonstrate (through evidence) his inability to do so within fourteen days and advised that should Plaintiff fail to comply, the undersigned would recommend, without further notice, that the matter be dismissed (*id.*). More than fourteen days have passed, and Plaintiff has not complied. Again, rather than pay the initial partial filing fee, Plaintiff filed another objection to the court's order (ECF No. 28).

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED without prejudice** for Plaintiff's failure to comply with an order of the court.

At Pensacola, Florida, this 16th day of July 2020.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.**  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.